UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Bianca L Moreno, <br><br> individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br><br> -v.- <br><br> Debt Recovery Solutions, LLC; Pendrick Capital Partners II, LLC; and John Does 1-25. <br><br> Defendant(s). | Civil Action No: 4:21-cv-1604 <br><br> **CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff Bianca L. Moreno, ("Plaintiff"), a Texas resident, brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendants Debt Recovery Solutions, LLC ("Debt Recovery") and Pendrick Capital Partners II, LLC ("Pendrick"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1.      The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5.      Plaintiff brings this class action on behalf of a class of Texas consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.      Plaintiff is a resident of the State of Texas, County of Harris.

8.      Defendant Debt Recovery is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 6800 Jericho Turnpike, Suite 113e, Syosset, New York, 11791

9.      Upon information and belief, Defendant Debt Recovery is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10.      Defendant Pendrick is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 2331 Mill Road, Suite 510, Alexandria, Virginia 22314.

11.      Upon information and belief, Defendant Pendrick is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

12.      John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## <u>CLASS ALLEGATIONS</u>

13.      Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14.      The Class consists of:

   a.   all individuals with addresses in the State of Texas;

   b.   to whom Debt Recovery sent a letter;

   c.   on behalf of Pendrick;

   d.   attempting to collect a consumer debt;

   e.   which claimed the statute of limitations could be restarted by making payment or;

f.  which letter was sent on or after a date one (1) year prior to the filing of this
action and on or before a date twenty-one (21) days after the filing of this action.

15.    The identities of all class members are readily ascertainable from the records of
Defendants and those companies and entities on whose behalf it attempts to collect and/or has
purchased debts.

16.    Excluded from the Plaintiff Class are the Defendants and all officers, members,
partners, managers, directors and employees of the Defendants and their respective immediate
families, and legal counsel for all parties to this action, and all members of their immediate families.

17.    There are questions of law and fact common to the Plaintiff Class, which common
issues predominate over any issues involving only individual class members. The principal issue is
whether the Defendant's written communications to consumers, in the form attached as Exhibit A,
violate 15 U.S.C. §§ 1692e and 1692f.

18.    The Plaintiff's claims are typical of the class members, as all are based upon the same
facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff
Class defined in this complaint. The Plaintiff has retained counsel with experience in handling
consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys
have any interests, which might cause them not to vigorously pursue this action.

19.    This action has been brought, and may properly be maintained, as a class action
pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-
defined community interest in the litigation:

a.  **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges,
that the Plaintiff Class defined above is so numerous that joinder of all members
would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692f.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22.     Plaintiff repeats the above allegations as if set forth here.

23.     Some time prior to December 2, 2020, Plaintiff allegedly incurred an obligation to non-party Bucking Horse Emergency Physicians, LLC ("Bucking Horse").

24.     The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically medical services.

25.     The alleged Bucking Horse obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26.     Bucking Horse is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27.     According to Defendants' letter, Pendrick is the current creditor of the Bucking Horse debt.

28.     Pendrick collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

29.     Pendrick is a debt buyer.

30.     Pendrick purchases or otherwise acquires consumer debt from creditor(s).

31.     Pendrick then collects the consumer debt, hires a third party to collect the consumer debt, or hires an attorney to pursue collection litigation in connection with the consumer debt.

32.     Debt Recovery was collecting the Bucking Horse account on behalf of Pendrick.

33.     Pendrick hired Debt Recovery to collect this consumer debt.

34.     Debt Recovery collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

<u>*Violation – December 2, 2020 Collection Letter*</u>

35.     On or about December 2, 2020, Defendants sent Plaintiff a collection letter regarding the alleged debt.  See Letter attached as Exhibit A.

36.     The letter states that "The law limits how long you can be sued on a debt. Because of the age of your debt(s), the current creditor cannot sue you for it."

37.     The letter further states, "Should you choose to make a payment for less than the discounted offer it may be considered a partial payment and re-start the statute of limitations".

38.     This statement is false, since under applicable law, the statute of limitations on the alleged debt cannot be restarted by making a payment at all. *See*, Tex. Fin. Code Ann. § 392.307(d).

39.     Plaintiff was misled as to her rights.

40.     Plaintiff was misled into believing that making a partial payment or promise to pay would restart the statute of limitation.

41.     Defendant's actions were false, deceptive, and/or misleading.

42.     Plaintiff was concerned and confused by the Letter.

43.     Plaintiff was therefore unable to evaluate her options of how to handle this debt.

44.     Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

45.     Plaintiff was hesitant to make a partial payment due in part to Defendant's false claim that such a payment would restart the statute of limitation.

46.     In addition, Plaintiff suffered emotional harm due to Defendant's improper acts.

47.     These violations by Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adapted to avoid any such violations.

48.     Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49.     Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

50.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

51.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

52.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

53.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## **COUNT I**
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
### **15 U.S.C. §1692e** *et seq.*

54.        Plaintiff repeats the allegations above as if set forth here.

55.        Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

56.        Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57.        Defendants violated said section as described above, by making false or misleading representations in violation of §§ 1692e, 1692e (2)(A), 1692e (5) & 1692e (10).

58.        By reason thereof, Defendants is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

59.        Plaintiff repeats the allegations above as if set forth here.

60.        Alternatively, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

61.        Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

62.        Defendants violated this section by unfairly misrepresenting that the time period for filing suit may renew.

63.        By reason thereof, Defendants is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## <u>DEMAND FOR TRIAL BY JURY</u>

64.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests

a trial by jury on all issues so triable.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff James Anderson individually and on behalf of all others

similarly situated demands judgment from Defendants Debt Recovery Solutions, LLC and

Pendrick Capital Partners II, LLC, as follows:

i.     Declaring that this action is properly maintainable as a Class Action and certifying

Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

ii.     Awarding Plaintiff and the Class statutory damages;

iii.     Awarding Plaintiff and the Class actual damages;

iv.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and

expenses;

v.     Awarding pre-judgment interest and post-judgment interest; and

vi.     Awarding Plaintiff and the Class such other and further relief as this Court may deem

just and proper.


Dated: May 14, 2021                    Respectfully submitted,

                                       s/ Eliyahu Babad
                                       By:  Eliyahu Babad, Esq.
                                       Stein Saks, PLLC
                                       285 Passaic Street
                                       Hackensack, NJ 07601
                                       Phone: (201) 282-6500
                                       Fax: (201) 282-6501
                                       ebabad@SteinSaksLegal.com
                                       *Attorneys for Plaintiff*
                                       PRO HAC VICE TO BE FILED